# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.6:18-CR-00017-001 |
| ) | |
| ) | **SENTENCING MEMORANDUM** |
| MUNCIE ROBERT KERSEY ) | **ON BEHALF OF DEFENDANT** |
| ) | |

    Muncie Kersey is a 44-year old man facing the consequences of the past decade of drug use, drug dealing and a cycle of trauma sent spiraling after his girlfriend killed herself by gunshot while he was only inches away, unable to save her. That event sent him further downward into daily use of meth and he succumbed to the lure of drug dealing which became a key part of his life. While he exercised some level of caution and discretion as to who he sold to and how he ran his "business" he admits that his actions put drugs on the street and that he has spent the last few years being far less than the good person he should have been. He now comes before the Court asking that a sentence not to exceed the mandatory minimum be imposed. He is ready to face his punishment and believes that the minimum sentence, a total of 204 months on both counts, is more than sufficient to meet the ends of justice in his case.

### SENTENCING AUTHORITY

    In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and its progeny, the Courts have determined that the Federal Sentencing Guidelines are effectively advisory rather than

mandatory. The Sentencing Reform Act, as revised by Booker, "requires a sentencing court to consider guidelines ranges, see 18 U.S.C. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well."

The directive of 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2:

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant, and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

E. In determining the minimally sufficient sentence 3553(a) further directs the sentencing courts to consider the following factors:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the kinds of sentences available;

3. the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct, and

4. the need to provide restitution to any victims of the offense.

**FACTORS IN 18 U.S.C. §3553 (A)**

To address the factors outlined in 18 U.S.C. §3553 (a) the Defendant believes a sentence below the guideline range will more than satisfy all of the prongs of the statute.

Mr. Kersey's guideline range is 151 months to 188 months on Count 1 of the indictment and because of statutory structuring the guideline range on the firearm charge (Count 3) is 84 months, which must be ran consecutively. It makes sense to believe that absent the mandatory minimums as they affect guideline computation, the overall guideline range would have been less. Even so, a sentence of 204 month is a substantial amount of time and will put the Defendant behind bars until he is approaching 60 years of age.

Also, the mandatory minimums will provide a sentence far longer than any term of incarceration he has ever been handed in any state court charges and this is his first federal criminal conviction. Muncie Kersey was deeply addicted to methamphetamine and is in need of a drug rehabilitation program. A sentence of no more than 204 months will allow ample time for him to enter and complete such a program, as well as any other vocational or work programs which he may undertake. He will be confined for much of the portion of his life which would normally be the highly productive years of a person's life. Realistically and statistically, someone coming out of prison at that age will likely be at lower odds for re-offending. Thus, another reason not to impose a sentence higher than the minimums. A sentence of 204 months would at least allow time for him to re-enter the community and spent his last decades with his family and creating a better legacy.

**SENTENCES IMPOSED ON CO-DEFENDANTS**

The Defendant is one of two persons charged in this conspiracy, the other co-defendant having been sentenced to 36 months. While there were only two persons in this particular indictment, the persons interviewed and the potential witnesses, many of them defendants in their own separate cases, constituted a large group of individuals who played roles in this conspiracy. Even looking at sentences for those persons, none come close to the amount of time that Kersey is facing even with a sentence at the mandatory minimum level.

**THE NATURE OF THE DEFENDANT**

Muncie Kersey suffered from the abandonment by his father. He clung to his friends, possibly out of the need for connection, and many of those friends had their own drug and mental health issues. He, by all accounts, connects deeply with people and when his friends or family are hurting he hurts too. When he lost friends to drug overdoses, when his marriage fell apart and finally when his girlfriend Amy shot herself in his presence he says his world fell apart. At that time the drug use became much worse. The buying and selling continued and he was living in the cloak and dagger world of trying to make money, trying to stay high and trying to avoid the law. That has all come to a close. The issue is how much time in a penal institution does he need to spend to atone and to re-align himself.

**A PLAN FOR THE FUTURE**

Despite his situation Muncie Kersey is looking forward. In addition to a grown son, he has an infant child who may still be in his teens upon his father's release from prison. He is hopeful that his mom and step-dad will be waiting for him. He wants to make constructive use of his time in prison so that he can re-enter the community as a sober and mature citizen. .

**CONCLUSION**

For the reasons set forth above, Muncie Kersey respectfully asks this Court to find it appropriate and to find that the interests of justice will be served by a sentence of no more than 120 months on the drug charge and 84 months on the firearm charge. He is asking to be recommended for the Residential Drug Abuse Program and is asking the Court to recommend his placement near his family, at a facility in Virginia or West Virginia.

Respectfully Submitted

/s/Linda G. Willis
Counsel for Muncie Kersey

/s/Linda G. Willis
Linda G. Willis, Esquire
307 West Main Street
Bedford, VA 24523
540-587-5548 – TEL
540-587-9139 – FAX
VSB 32969
lgwatty@verizon.net

## CERTIFICATE

I, Linda G. Willis, counsel for Muncie Kersey, certify that on the 14th day of June, 2019, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to R. Andrew Bassford, Assistant United States Attorney.

/s/ Linda G. Willis
LINDA GALE WILLIS, ESQ